## The State *v.* K. Maynard.

CRIMINAL LAW. *Pleading and practice. Certainty of averment in an indict-
ment.* The defendant is charged with having "knowingly and wilfully
resisted one S. C. Dodson, Deputy Sheriff, in serving or attempting to
serve a legal process, to-wit., a civil warrant on said K. Maynard,"
*held,* the averment is reasonably certain.

Case cited : Cantrel *v.* The People, 8 Ill, 350.

### FROM VAN BUREN.

Record cannot be found.

NICHOLSON, C. J., delivered the opinion of the Court.

The indictment charges that Kendrick Maynard,

"knowingly and wilfully resisted one S. C. Dodson, Deputy Sheriff, in serving or attempting to serve a legal process, to-wit., a civil warrant on said K. Maynard," etc. The question is, whether the Circuit Court erred in quashing the indictment.

It was decided, in *Cantrel* v. *People*, 8 Ill., 350, that "the process must be either set forth in the indictment, or it must be averred to be a legal process, or so described that the Court can see, from an inspection of the indictment, that the process was legal." In the present case it is averred, that the process was issued by a Justice of the Peace, the word "warrant" being the usual language in which process issued by a Justice of the Peace, is described. A legal civil warrant issued by a Justice of the Peace, is one issued within the scope of his jurisdiction in civil cases. We think the averment reasonably certain, and that the indictment was erroneously quashed.

Judgment reversed and remanded.